[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Plaintiffs-appellees Richard and Dorothy Kutchera filed suit against defendant-appellant Michael B. Davis and Reliastar Life Insurance Company (formerly Northwestern National Life Insurance Company), alleging fraudulent sales practices in connection with the sale of life-insurance policies. The Kutcheras alleged that Davis committed the fraudulent practices while acting as an agent or employee of Northwestern National.
Davis moved to dismiss the case, or in the alternative, to compel arbitration as to any claims against him. The trial court denied the motion, and Davis now appeals.[1] In his sole assignment of error, Davis asserts that the court erred in not sending the case to arbitration. Davis points to an agreement between Paine Webber, Inc., and the Kutcheras that contained an arbitration agreement. Davis claims that he acted as a broker for Paine Webber when the alleged fraudulent practices were committed and that, as an agent or employee of Paine Webber, the arbitration agreement between the Kutcheras and Paine Webber covered him.
We reject the assignment, solely because our review of the record reveals that when the court denied the motion to compel arbitration, the court did not have before it any evidence that Davis acted as an agent or employee of Paine Webber when the alleged fraudulent practices were committed.
It was Davis's burden to produce evidence to support his motion. But the only evidence before the court was the agreement between Paine Webber and the Kutcheras — an agreement that Davis did not sign and that has no reference to Davis as being the Kutcheras' broker. In light of the fact that Because the court had no evidence before it that Davis acted as was an agent or employee of Paine Webber, and in light of the fact that the Kutcheras' complaint alleged that Davis was an agent or employee of Northwestern National, i.e., not Paine Webber, we hold that the trial court did not err in concluding that the arbitration agreement between the Kutcheras and Paine Webber did not cover Davis.
We note that Davis claims that there was evidence before the trial court that he acted as an agent or employee of Paine Webber. He points to evidence attached to a summary-judgment motion that he filed with the court. But that summary-judgment motion was filed after the court decided the motion to compel arbitration, the subject of this appeal. Because the evidence attached to the summary-judgment motion was not properly before the trial court when it denied the motion to compel arbitration, we do not cannot consider that evidence in our review. Also, Davis states that the business address given for him in the Kutcheras' complaint is the same as Paine Webber's Cincinnati-office address (a large office building). While this may be true, it does not necessarily mean that Davis acted as an agent or employee of Paine Webber when the alleged fraudulent practices occurred.
Therefore, we affirm the judgment of the trial courtis affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 PAINTER and WINKLER, JJ.
[1] See R.C. 2711.02.